62211. MORALES et al. v. SEVANANDA, INC. et al.

POPE, Judge.

Appellants are three members of the seven-member board of directors of Sevananda, Inc., a non-profit Georgia corporation. Under the original articles of incorporation each director was elected by the board and served for life but could resign his position at any time or could be removed at any time, with or without cause, by a two-thirds vote of the entire board. A philosophical dispute arose between the three appellants and the four other board members, appellees herein. As a result of this controversy the four appellees, constituting a majority of the board, voted to amend the articles of incorporation.

One of the amendments stated that the number of directors and the duties and responsibilities of the board would be set out in the bylaws. The bylaws propounded for this purpose provided for the election of an expanded nine-member board of directors to be elected by the entire membership of the corporation to serve staggered three-year terms. Elections were held in April, 1979 and nine new directors were elected to the board.

The three appellant members of the pre-amendment board of directors filed this action against appellee corporation and the four other members who comprised the pre-amendment board. The complaint sought to have the amended articles of incorporation, and bylaws promulgated thereunder, declared void. The complaint also sought to have appellants reinstated as directors on the board of Sevananda. The trial court granted appellants' motion for summary judgment, declaring the April, 1979 election to be null and void and reinstating appellants as directors of Sevananda on the basis that the amended articles of incorporation had not been filed with the Secretary of State at the time of the election.

The trial court also ruled that the pre-amendment board of directors had the right to amend the articles of incorporation by majority vote. The court declared that the corporation, upon filing the amended articles with the Secretary of State, could proceed in accordance with those amended articles and require an election for the board of directors in accordance therewith. Appellants bring this appeal challenging the trial court's ruling that the corporation could require an election for the board of directors in accordance with the amended articles of incorporation "presently on file with the Secretary of State." The amended articles make no provision for the retention of a director who had been serving a term on the board for life under the pre-amendment articles.

This is an action which sought a judicial declaration regarding appellants' right to positions on the board of directors of Sevananda, Inc. — a declaratory judgment action seeking relief by quo warranto. Code Ann. § 110-1102. See Code Ann. Chs. 64-2; 110-11. The Supreme Court, and not this court, has jurisdiction of "all cases involving extraordinary remedies." Code Ann. § 2-3104. This encompasses proceedings quo warranto. See *Gillis v. Snow,* 132 Ga. 457 (1) (64 SE 326) (1909); Code Ann. § 64-206. Therefore, this case must be transferred to the Supreme Court. See *James v. State,* 120 Ga. App. 317 (170 SE2d 303) (1969).

*Transferred to the Supreme Court. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 19, 1981.

*Mary E. Mann,* for appellants.
*John F. Sweet,* for appellees.